J-A17005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMY WALLACE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKIE P. WALLACE, | : | |
| | : | |
| Appellant | : | No. 3264 EDA 2018 |

Appeal from the Order Dated October 30, 2018
In the Court of Common Pleas of Wayne County
Domestic Relations at No(s):  77-DR-2014

BEFORE:  PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 18, 2019**

Rickie Wallace ("Husband") appeals from the October 30, 2018 amended order entered in the Wayne County Court of Common Pleas. Husband contends: (1) a corporate entity formed during the marriage is included in the marital estate; (2) the imposition of a resulting trust is warranted; (3) $8,395.30 in rental payments is marital property subject to equitable distribution; and (4) sale proceeds from an auction should not be applied first to tax obligations. After careful consideration, we reverse the trial court's determination that the business in question is not marital property, vacate the equitable distribution portion of the judgment of divorce, and remand for further proceedings.

This appeal involves the equitable distribution of marital property. Husband married Amy Wallace ("Wife") in 1993. During their marriage, the parties jointly owned and operated Wallace Tractor and Equipment, Inc.

("Wallace Tractor"), which sold and serviced tractors and construction equipment. Wallace Tractor operated on land owned by Wife's parents, Dave and Donna Durkovic (collectively "the Durkovics"), who also operated a self-storage business on the property, Mt. Cobb Self-Storage.

During the marriage, Wife assumed responsibility for managing her parents' self-storage business. She incorporated Double DW, Inc. ("Double DW") to collect rental fees from customers of Mt. Cobb Self-Storage, which amounted to approximately $5,700 each month. Although Wife was the only corporate officer listed in the articles of incorporation, Husband contributed to the operation of the self-storage business by laying gravel, plowing snow, and weed whacking around the property. Husband also used Wallace Tractor's forklift to offload customers' personal property into storage units.

After relinquishing day-to-day operations of Mt. Cobb Self-Storage to Wife, the Durkovics entered into a lease purchase agreement with Double DW. Under the agreement, Double DW would lease the property on which the self-storage business and Wallace Tractor was situated. In return, Double DW was obligated to pay the Durkovics $3,794.75 monthly for twenty-years, plus taxes and insurance on the property. Then, upon termination of the lease, Double DW would own the premises.

For several years, Double DW made monthly payments to the Durkovics as required under the lease agreement. However, due to Wallace Tractor's poor financial performance, Double DW was forced to loan money to Husband and Wife's business to keep it afloat. As a result of the loans, Double DW

missed several payments under the agreement and eventually surrendered its lease with the Durkovics.

The financial hardships suffered by Wallace Tractor and Double DW placed considerable strain on the parties' marriage. As a result, Wife filed for divorce. However, once separated, the parties resumed living together and attempted to reconcile their differences. But the parties separated again soon afterward and proceeded with the divorce.

The parties' equitable distribution of their marital estate was conducted by a Master. Following several equitable distribution hearings, the Master issued a report and recommendation and proposed order. In that report, the Master determined that Husband did not have an interest in Double DW and therefore it was not marital property. The Master also concluded that the doctrine of resulting trust did not apply to the Durkovics' property because Husband did not pay rent for his use of the parcel or make improvements to it. Finally, the Master decided that the parts obtained by Husband from Douglas Dynamics, which were worth $31,672, should be returned to the company and credited against debt. However, if Douglas Dynamics refused return, then the parts should be liquidated and the proceeds applied to outstanding tax obligations.

Husband filed eleven exceptions to the Master's report and recommendation, and the trial court denied all but one of his exceptions. Thereafter, the trial court entered a divorce decree on October 13, 2018 and

an amended decree on October 30, 2018 incorporating the Master's February 23, 2018 report and recommendation. This timely appeal followed.

In this appeal, Husband raises four issues for our review:

1. Whether the trial court abused its discretion . . . or erred, as a matter of law, in adopting the Master's [r]ecommendation [] that Double DW [] was not marital property []?

2. Whether the trial court abused its discretion . . . or erred, as a matter of law, in adopting the Master's recommendation regarding the determination that $8,395.30 received in rental payments [was not] a marital asset subject to equitable distribution?

3. Whether the trial court abused its discretion . . . or erred, as a matter of law, in adopting the Master's recommendation that a [r]esulting [t]rust does not apply in this case since [] Wallace Tractor paid no fixed rent []?

4. Whether the trial court abused its discretion . . . or erred, as a matter of law, in adopting the Master's recommendation [that] the property owned by Douglas Dynamic be returned, but if not returned, sold and the [taxes] be paid from the funds received instead of . . . us[ing] [the funds] to pay debt owed to Douglas Dynamics []?

Appellant's Brief, at 3. (edited for clarity and reordered to facilitate disposition).

Our standard of review for a challenge to the trial court's equitable distribution order is whether the trial court abused its discretion by misapplying the law or failing to follow proper legal procedure. *See Childress v. Bogosian*, 12 A.3d 448, 455 (Pa. Super. 2011). Generally, "[w]e do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence." *Brubaker v. Brubaker*, 201 A.3d 180, 184 (Pa. Super. 2018) (citation omitted). However, we will find an abuse of discretion if the

law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, is shown by the evidence in the certified record. *See Carney v. Carney*, 167 A.3d 127, 131 (Pa. Super. 2017).

In determining the propriety of an equitable distribution award, we must consider the distribution scheme as a whole. *See Brubaker*, 201 A.3d at 184. As a result, this Court must measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights. *See Carney*, 167 A.3d at 131.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility, and we will not reverse those determinations so long as they are supported by the evidence. *See Brubaker*, 201 A.3d at 184. Further, a master's report and recommendation, while only advisory, must be given the fullest consideration, particularly on the question of credibility of witnesses, because the master had the opportunity to observe and assess the behavior and demeanor of the parties. *See Moran v. Moran*, 839 A.2d 1091, 1095 (Pa. Super. 2003).

We address the first two issues together, as they concern Husband's alleged marital interest in Wife's business. Husband contends that Double DW, which was incorporated during the parties' marriage, is marital property. In addition, he argues the parties treated Double DW as marital property rather

than as separate property. Accordingly, Husband concludes Double DW is marital property subject to equitable distribution.

Wife responds that Double DW is not marital property, but rather separate property. Therefore, Wife concludes that Husband is not entitled to $8,395.30 in rental payments received from the self-storage business because Double DW is not a marital asset.

The definition of marital property is found in 23 Pa. C.S.A. § 3501 and it provides in relevant part that marital property includes "all property acquired by either party during the marriage, including the increase in value, prior to the date of final separation. . . ." **Nagle v. Nagle**, 799 A.2d 812, 818 (Pa. Super. 2002). Although there are exceptions to this definition, none apply here. **See id**. The Divorce Code also provides that "[a]ll real or personal property acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually. . . ." 23 Pa. C.S.A. § 3501(b). Therefore, "bare title may not be used as a shield to protect for the benefit of one party that which in reality belongs to the marriage." **Fitzpatrick v. Fitzpatrick**, 547 A.2d 362, 367 (Pa. Super. 1988).

In the instant case, the record does not support the trial court's decision to exclude Double DW from the marital estate. Based on the record, it is undisputed that Double DW was formed by Wife during the parties' marriage and prior to the date of final separation. **See** Hearing, 12/27/17, at 5-6; **see also Nagle**, 799 A.2d at 818. Although Wife held title individually, this fact

does not defeat the presumption that Double DW is marital property. **See** 23 Pa. C.S.A. § 3501(b). Indeed, title alone does not determine if an asset is marital property. **See Fitzpatrick**, 547 A.2d at 367.

Moreover, we have held that the parties' demonstrated intent also determines if an asset is marital property. **See id**. Hence, if the property is accessible, available to both parties, and placed in a position where both parties have use or enjoyment of the property, it is to be treated as marital property. **See id**.

Here, the record shows that Husband and Wife treated Double DW as a joint marital venture. In fact, the evidence establishes that the parties intended for there to be a nexus between Wallace Tractor, which they owned jointly, and Double DW, which Wife owned individually. For example, customers of Double DW had to pay for their storage units at Wallace Tractor's office, which at times required Husband to collect the rent. **See** Hearing, 12/27/17, at 9, 13. Double DW also used Wallace Tractor's bank account to deposit rents, thereby commingling funds. **See id**., at 12. And Double DW relied on Husband for landscaping and snowplowing as well as offloading customers' property into storage units. **See id**., at 24. Therefore, Double DW was accessible to Husband and Wife and placed at the service of the parties' marriage. **See Fitzpatrick**, 547 A.2d at 367.

In addition, the record also shows that Double DW was incorporated to benefit the parties' marriage. For a period of time, Wallace Tractor paid $1,000

in monthly rent to the Durkovics for use of their property. *See id*., at 26. However, at some point, Husband and Wife sought to buy the 13 acres of property, but were unable to finance the purchase of the land. *See id*., at 34. That is why Double DW entered into a lease purchase agreement with the Durkovics, whereby the company would use the rental fees it collected from the self-storage business to pay Wife's parents for the land. *See id*., at 34-35. As such, Double DW acted as a conduit between Husband and Wife and the Durkovics for the purpose of acquiring the property on which the parties operated Wallace Tractor. *See id*., at 34-35.

Based on the foregoing, we conclude that Double DW is a marital asset as it was acquired during the marriage. *See* 23 Pa. C.S.A. § 3501(b). Moreover, the parties' course of conduct further demonstrates that they treated Double DW as marital property. *See Fitzpatrick,* 547 A.2d at 367. Therefore, Husband has an equitable interest in Double DW and is entitled to $8,395.30 in rental payments from the self-storage business.

In light of our conclusion that Double DW is marital property, we need not reach Husband's remaining issues as our conclusion alters the size of the parties' marital estate. Therefore, on remand, the trial court must determine whether Wife dissipated Husband's interest in Double DW and what effect, if any, such finding has on the equitable distribution of the marital estate. In addition, we vacate the portion of the trial court's order regarding tax liabilities and direct the court to clarify the manner in which Double DW should settle

its tax and debt obligations. The trial court retains the power to revisit its balancing of the equities pursuant to these considerations.

Order reversed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/19